Roberto Ledesma, Esq.
Brett E. Lewis, Esq., (*pro hac vice* application forthcoming)
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Roberto@ilawco.com
Brett@ilawco.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| VIJAYA SRINIVASA,<br><br>                    *Plaintiff*,<br>    v.<br><br>BLUEHOST INC., and JOHN DOES 1-10,<br><br>                    *Defendants*. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND CONVERSION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Vijaya Srinivasa ("Plaintiff" or "Mr. Srinivasa"), by his attorneys, for his complaint against BLUEHOST INC. **(**"Bluehost**")** and John Does 1-10 ("Defendant Doe"), alleges as follows:

### INTRODUCTION

1. Plaintiff is the owner and operator of a number of prominent domain names and websites, including HospitalityJobs.com, which is a global platform for quality vocational solutions, job training and placement support services for individuals, restaurants, hotels, breweries, baristas, and a whole lot of others in the travel and hospitality industry.

2. Plaintiff also owns and operates GlobalTechSoft.net, an information technology consulting service, as well as a number of other domain names and websites and their associated businesses.

3. Plaintiff brings this action as it relates to several domain names that have been hijacked and stolen by an unknown individual(s) earlier this year after Plaintiff's account at its registrar, Bluehost, was wrongfully accessed.

4. The domain names that were stolen and hijacked are the following: <HospitalityJobs.com>, <teksingles.com>, <globalsofttech.net>, <globalsoftware.net>, <floridalawyerhelp.com>, <divorceprocessinflorida.com>, and <scrumdating.com> (the "Domain Names").

5. The attacker, Defendant Doe, began the attack by first wrongfully gaining access to Plaintiff's Bluehost account. Once in Plaintiff's Bluehost account, Defendant Doe initiated transfers the Domain Names out of Bluehost to different domain registrars, namely Porkbun LLC ("Porkbun") and Dynadot LLC ("Dynadot").

6. Plaintiff has taken great efforts to restore his rightful ownership of the Domain Names, yet Bluehost, Porkbun, and Dynadot have failed to recognize Plaintiff's rights in the Domain Names, and have refused to effectuate a return of the Domain Names to Plaintiff.

7. Plaintiff was thus forced to bring this action seeking (i) a declaratory judgment that the Domain Names rightfully belong to Plaintiff; (ii) an Order directing Bluehost, Porkbun, and Dynadot to take the necessary steps to return the Domain Names to Plaintiff; and (iii) damages for conversion against Bluehost and Defendant Doe for unlawful interference with Plaintiff's possessory rights in the Domain Names.

## THE PARTIES

8. Plaintiff Vijaya Srinivasa is an individual residing in the State of Florida.

9. Bluehost is a Utah corporation with its principal business address at 10 Corporate Drive, Burlington MA 01803.

10. Defendant Doe is a person or an entity, who hijacked seven domain names from Plaintiff's Bluehost account. The identity and location of Defendant Doe is unknown to Plaintiff.

## JURISDICTION AND VENUE

11. This is an action for a declaratory judgment under 28 U.S.C. § 2201 and for state law conversion. This Court has subject matter jurisdiction over this action under 18 USC § 1332, as Plaintiff and Defendants are residents of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. This Court has pendent jurisdiction of the related state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because they involve the same parties, they arise from the same operative facts common to the causes of action arising under the federal claims, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience, and fairness to the parties.

13. This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4 and Fla. Stat. § 48.193 because Defendants operate business in this state and Defendants committed tortious acts within the state causing injury to person or property within the state.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL BACKGROUND

15. Among the Domain Names that were stolen, GlobalSoftTech.net and HospitalityJobs.com are the two most valuable and profitable.

16. GlobalSoftTech.net has been in use for two years, and generated roughly $4 million in revenue in 2019. GlobalSoftTech.net employs twenty-six employees, serves over fifty unique customers, and averages over 5,000 visitors-per-month to its Web site.

17. The HospitalityJobs.com Web site and business has been active since 1996, and was acquired by Plaintiff in 2014 from its original owners. HospitalityJobs.com generated

Case 8:20-cv-03066-MSS-SPF   Document 1   Filed 12/22/20   Page 4 of 9 PageID 4

$150,000 in income in 2019, and has over fifty customers. Roughly ten thousand Internet users visit the website every month. In 2019, Plaintiff spent more than $20,000 on advertising costs for HospitalityJobs.com.

18.     Altogether, the Domain Names and associated businesses are worth collectively roughly $300,000.

19.     On or about December 7, 2020, Defendant Doe committed the theft and conversion of the Domain Names by wrongfully gaining access to Plaintiff's Bluehost account, which housed the Domain Names, and transferring the Domain Names out of Bluehost and into Porkbun and Dynanot.

20.     Upon information and belief, Defendant Doe gained access to Plaintiff's Bluehost account, which was password protected, either by (i) accessing stored communications on Plaintiff's electronic devices, or (ii) by directing infiltrating Bluehost's systems to bypass needing a password and directly gaining access to Plaintiff's Bluehost account.

21.     At the time the Domain Names were stolen from Plaintiff's Bluehost account, Plaintiff was the legal registered name holder and registrant of the Domain Names, all of which were in good standing.

22.     Plaintiff did not authorize the transfer of the Domain Names to Defendant Doe or any third party.

23.     After wrongfully accessing Plaintiff's Bluehost account, Defendant Doe changed the email address for Plaintiff's account on-file with Bluehost from Vijaya.Krts@Gmail.com to Vijaya.Krts@yandex.com. This change allowed Defendant Doe full control over Plaintiff's Bluehost account.

-6-

24. Having gained full control over the Bluehost account, Defendant Doe then initiated a transfer of the Domain Names to the registrars Porkbun and Dynadot.

25. Plaintiff received an email from Bluehost notifying him of the transfer on December 7, 2020 at 11:55am and included a link for Plaintiff to follow in order to cancel the transfer if it was done improperly. Plaintiff immediately followed the link's instructions to cancel the transfer, and also contacted Bluehost, informed them that the transfer was fraudulent, and requested that it be cancelled.

26. Despite the above, Bluehost confirmed the wrongful transfer and maintained that the transfer was not fraudulent – despite the suspicious change of email to Plaintiff's Bluehost account, use of an IP address or addresses not previously associated with Plaintiff's account, and Plaintiff's own assertions that his Domain Names were being stolen.

27. Purporting to follow ICANN's Transfer Dispute Resolution Policy ("TDRP"), Bluehost, Dynadot, and Porkbun each refused to take the necessary steps to return the Domain Names to Plaintiff.

28. Bluehost, Dynadot, and Porkbun further informed Plaintiff that they could not at this time return the Domain Names, since a valid transfer was confirmed by the email address Vijaya.Krts@yandex.com – which is the wrongful, similar email address to Plaintiff that Defendant Doe created and put on file in Plaintiff's Bluehost account to aid in his fraudulent scheme and confirm the fraudulent transfers.

29. Sending Plaintiff on a circular goose chase, Bluehost contended that as the gaining registrars, Porkbun and Dynadot were responsible for conducting a fraud investigation, while Porkbun and Dynadot placed the responsibility on Bluehost. In the end, and to the present

day, none of Bluehost, Porkbun, nor Dynadot accepted responsibility for the hijacking or are willing to unilaterally return the Domain Names to Plaintiff (which they very easily could do).

30. Apparently these three service providers all take the "hot potato" approach to domain name theft, leaving the rightful registrant of the Domain Names no remedy outside of initiating a proceeding such as this.

31. Due to their conscious neglect and deliberate refusal to act, Plaintiff's Domain Names and accompanying Web sites have been down for two weeks and counting, causing irreparable damage to Plaintiff's businesses and reputation.

32. Plaintiff's employees can no longer send or receive emails from the domain names, leaving Plaintiff no choice but to send his employees home, unable to work.

33. Exacerbating the theft of the Domain Names, on December 21, 2020, Plaintiff discovered that <GlobalSoftTech.net>, the domain name and website tied to a business worth hundreds of thousands of dollars, has been placed for auction with Dynadot. If sold, the Domain Names could be lost forever due to further and untraceable attenuation.

34. Plaintiff thus seeks a declaration and order from this Court that Plaintiff is the rightful owner of the Domain Names and that Bluehost, Porkbun, and Dynadot take the necessary steps to return the Domain Names to Plaintiff.

35. Plaintiff further seeks judgment against Defendant Doe and Bluehost for conversion, in connection with the Defendant Doe's intentional hijacking of Plaintiffs' intangible property, which was clearly and conclusively stolen, and an order directing the Domain Names' return to their rightful owner.

## **FIRST CAUSE OF ACTION**
### **(Declaratory Judgment)**

36. Plaintiff realleges and incorporates by reference the proceeding paragraphs as if fully stated under this claim.

37. The Domain Names were in good standing, rightfully registered and owned by Plaintiff, and stored on Bluehost.

38. Plaintiff never authorized transfer of the Domain Names to Defendant Doe, Bluehost, or anyone else.

39. As such, Plaintiff is the rightful registrant and registered name holder of the Domain Names.

40. To date, Bluehost, Porkbun, and Dynadot have each refused to take the necessary steps to return the Domain Names to Plaintiff, instead, each blaming the other and requiring the other take such steps.

41. A justiciable controversy exists between Plaintiff and the Defendants. To resolve this actual controversy, Plaintiff seeks a declaration and judgment that he is the rightful registrant and registered name holder of the Domain Names, and seeks an Order of this Court requiring Defendants take the necessary steps to effect a transfer of the Domain Names back to Plaintiff.

## **SECOND CAUSE OF ACTION**
### **(Conversion)**

42. Plaintiff realleges and incorporates by reference the proceeding paragraphs as if fully stated under this claim.

43. The Domain Names were in good standing, rightfully registered and owned by Plaintiff, and stored on Bluehost.

44. Plaintiff never authorized transfer of the Domain Names to Defendant Doe, Bluehost, or anyone else.

45. As such, Plaintiff is the rightful registrant and registered name holder of the Domain Names.

46. Plaintiff thus had the right to immediate possession of the Domain Names at the time that they were hijacked.

47. In this case, Bluehost's lax security and protocols contributed to the conversion of the Domain Names by the Doe Defendant, including by Bluehost not even offering a basic two-factor authentication service when transferring the domain or preventing immediate domain transfer when primary contact email is changed same day, or any other safeguards to prevent unauthorized account access.

48. After the Domain Names were hijacked, Bluehost failed to prevent the unlawful transfer of the Domain Names, and then further refused to intercede with the gaining registrars – Dynadot and Porkbun – to reverse the transfers.

49. Bluehost's failures in preventing the transfers and recovering back the Domain Names for Plaintiff after the transfers caused Plaintiff to be denied access to and control over its intangible property.

50. In failing to implement reasonable security protocols, and in refusing to take appropriate steps to recover the Domain Names, Defendant Bluehost (i) caused Plaintiff to be denied access to and control over its intangible property and (ii) exercised wrongful dominion or control over the Domain Names in denial of and inconsistent with Plaintiff's rights therein, and further facilitated the conversion of the Domain Name by the Defendant Doe.

51. As a result of said conversion, Plaintiff is entitled to compensatory damages, in an amount to be proved at trial, including compensation for lost revenues, reputational damage, and attorney's fees.

## **REQUEST FOR RELIEF**

Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

i.  Judgment on each of the claims set forth above;

ii.  Declaring that Plaintiff is the rightful registrant and registered name holder of the Domain Names;

iii.  An Order directing that the Domain Names immediately be transferred to Plaintiff;

iv.  Reasonable attorney's fees, costs and disbursements in this civil action;

v.  Pre- and post-judgment interest at the applicable rates; and

vi.  Such other relief as the Court may deem just and proper.

Dated: Brooklyn, New York
December 22, 2020

**LEWIS & LIN LLC**

By:  */s/ Roberto Ledesma*
Roberto Ledesma
Brett E. Lewis, Esq. (*pro hac vice* forthcoming)
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Roberto@ilawco.com
Brett@ilawco.com

*Attorneys for Plaintiff*